David M. BLANDFORD and John H. Easter, Plaintiffs,

v.

MASCO INDUSTRIES, INC., et al., Defendants.

Civ. A. No. 3:90–CV–2684–G.

United States District Court, N.D. Texas, Dallas Division.

Aug. 20, 1992.

William Ray Gustavson, Wesley Thornton Noah, Richards Medlock & Andrews, Dallas, Tex., for plaintiffs.

Joseph Jerome Lastelick, Lastelick Anderson & Hilliard, Dallas, Tex., James B. Gambrell, Albert B. Kimball, Jr., Pravel Gambrell Hewitt & Kimball, Houston, Tex., for defendants.

## MEMORANDUM ORDER

FISH, District Judge.

Before the court are the motions of plaintiffs, David M. Blandford and John H. Easter, for partial summary judgment on their claims for infringement of U.S. Patent No. 4,678,031 ("the Patent") and for the priority, validity, and enforceability of the Patent. For the reasons stated below, the motions are granted.

## I. BACKGROUND

On January 27, 1986, plaintiffs filed an application with the United States Patent and Trademark Office ("USPTO") for a patent on a device invented by plaintiffs identified as a "Rotatable Reciprocating Collar for Borehole Casing." This device, which is used to assist in cementing casing string in a borehole in multiple stages, was the first to allow both rotation and reciprocation of the upper segment of casing after the lower segment of casing was cemented into place. As a result, the quality of the cement formation around the upper segment was enhanced. The USPTO issued the Patent to plaintiffs for the device on July 7, 1987.

On August 25, 1986, Jerry Allamon ("Allamon") and Hiram Lindsey ("Lindsey"), employees of the defendants, filed an application for a patent on a similar device, and subsequently filed a claim with the Board of Patent Appeals and Interference (the "Board") asserting priority of invention. In support of this claim, Allamon and Lindsey alleged that they had produced and installed their invention in November 1985, and that this prior use constituted a conception or reduction to practice of the subject matter of the device at issue prior to plaintiffs' filing of their application for a patent. On July 24, 1990, the Board entered judgment for the plaintiffs, holding that Allamon and Lindsey failed to establish that the device installed in November 1985 had the same structure as the device invented by plaintiffs that was the subject of plaintiffs' patent application. Conse-

quently, the Board found that Allamon and Lindsey could not verify conception or reduction to practice prior to the filing of their patent application, which occurred subsequent to plaintiffs' application, and awarded priority of invention to plaintiffs.

On November 21, 1990, plaintiffs filed the instant action, claiming that since the issuance of the Patent, defendants have knowingly made, used, or sold a device with like qualities to the device that is the subject of the Patent and that such activities constitute infringement of the Patent.

## II. ANALYSIS

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment or partial judgment as a matter of law. Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the movants produce such evidence, the nonmovants must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53. To carry this burden, the opponents must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, they must show that the evidence is sufficient to support a resolution of the factual issue in their favor. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. All of the evidence must be viewed, however, in a light most favorable to the nonmovants and all reasonable inferences drawn in their favor. *Avia Group International, Inc. v. L.A. Gear*

*California, Inc.*, 853 F.2d 1557, 1560 (Fed. Cir.1988).

### A. *Priority, Validity, and Enforceability*

Under 35 U.S.C. § 282, a patent is presumed to be valid unless the party asserting invalidity can establish that the patent is invalid on some ground recognized in Title 35. Here, the defendants assert that the drawing of their device dated November 1985 constituted "prior art" that encompasses every limitation of plaintiffs' claims, thus creating a *prima facie* case that the Patent is invalid under 35 U.S.C. § 102(a).

■ A patent is invalid under section 102(a) if the invention was "known or used by others in this country, ... or described in a printed publication" before its invention by the applicant for the patent. To show that a patent is invalid under section 102(a), therefore, the party attacking validity must show that the patented invention was available in finished form or as prior art. In *Carella v. Starlight Archery and Pro Line Company*, 804 F.2d 135, 139 (Fed.Cir.1986), the court held that the phrase "known or used by others in this country" is not satisfied unless the prior art was "known or used by, or was otherwise accessible to, the public." The phrase "described in a printed publication" was also held by the court in *In re Cronyn*, 890 F.2d 1158, 1160–61 (Fed.Cir.1989) to mean "accessible to the public."

■ Defendants have provided no evidence that the November 1985 drawing on which they rely was accessible to the public. In fact, their entire basis for concluding that the drawing constitutes prior art rests on the erroneous conclusion that plaintiffs have conceded this point by agreeing that the Board did not rule in the interference proceeding that defendants' device was incapable of both reciprocating and rotating. However, the Board's conclusion that it was unclear whether the November 1985 drawing was capable of rotating and reciprocating does not conclusively establish that the drawing either was, or was not, capable of both functions and is thus insufficient to establish that the

drawing was, in fact, prior art. Additionally, even if the court accepts defendants' contention that the drawing contains every limitation found in plaintiffs' claims, defendants have produced no evidence to support a finding that the drawing was accessible to the public prior to January 27, 1986, the date on which the plaintiffs applied for the Patent.

■ Defendants have not established that the November 1985 drawing constitutes prior art, nor have they raised sufficient other grounds to overcome the presumption of validity accorded the Patent. Additionally, defendants have failed to produce any evidence to support a finding that the Board erred in holding that the Patent was entitled to priority or to support a finding that the Patent is unenforceable. Consequently, the court concludes that the Patent is valid and enforceable, and entitled to priority.

### B. *Patent Infringement*

■ To establish patent infringement, plaintiffs must prove that the patent claims were "properly interpreted to determine their scope" and that each element or limitation of the patent claims is present in the device accused of infringement. *Hormone Research Foundation, Inc. v. Genentech, Inc.*, 904 F.2d 1558, 1562 (Fed.Cir.1990), *cert. dismissed,* —— U.S. ——, 111 S.Ct. 1434, 113 L.Ed.2d 485 (1991). Defendants here contest only the second of these requirements.

■ Plaintiffs maintain that defendants' device contains all of the limitations found in their patent claim and, therefore, defendants' device literally infringes the Patent. Defendants respond that their device does not infringe the Patent because it does not exhibit the limitation that the device permit both rotation and reciprocation. Defendants have not asserted, however, that their device lacks any of the limitations of the patent claims other than the limitation

relating to rotation and reciprocation. It is undisputed, therefore, that defendants' device contains all other limitations of the claims in the Patent.

■ In support of their claim for infringement, plaintiffs have offered the affidavit of George Dilbeck ("Dilbeck"), a former employee of defendant Lindsey Completion Systems, in which Dilbeck states that he is familiar with the operation of the defendants' device and that the device is designed to, and in fact does, reciprocate as well as rotate after the lower segment is encased in cement. Defendants respond with the argument that Dilbeck's affidavit is not entitled to any weight because it directly conflicts with job reports produced by Dilbeck during the course of his employment. While the court agrees with defendants that none of the job reports state that Dilbeck observed defendants' device reciprocating, the reports do not state that the devices are incapable of reciprocation. Thus, the affidavit and reports are not inconsistent. In any event, defendants' challenge concerning the credibility of Dilbeck's affidavit goes only to its weight but does not raise a genuine issue of material fact that would prevent summary judgment. *See Avia Group International,* above, 853 F.2d at 1565 (once patent owners present sufficient evidence on motion for summary judgment to make *prima facie* case of infringement, challenge to the weight of expert's declaration does not create genuine issue of material fact); *Barmag Barmer Maschinefabrik AG v. Murata Machinery, Ltd.,* 731 F.2d 831, 836 (Fed. Cir.1984) (party opposing motion for summary judgment in patent case must point to an evidentiary conflict created on the record at least by a counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant).*

The court concludes that defendants have not pointed out evidence in the record to show that there is a genuine issue of material fact on the issue of infringement.

---

* Additionally, defendants have submitted the affidavit of James Richard Escue ("Escue"), a former employee of Lindsey Completion Systems, in which Escue states that defendants' device "necessarily allow[s] for both reciprocation and

rotation ... when the lower casing segment had been cemented in place." This evidence actually supports plaintiffs' assertion that defendants' device contains the identical limitation that the device permit reciprocation and rotation.

Partial summary judgment for the plaintiffs on this issue is therefore proper.

## III. CONCLUSION

Defendants have failed to point out a genuine issue for trial with regard to infringement or with regard to the validity, enforceability, or priority of the Patent. Therefore, plaintiffs' motions for partial summary judgment on infringement and priority, validity, and enforceability of the Patent are GRANTED.

SO ORDERED.